1

2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3  Omar Jose RINCON BOHORQUEZ, | Case No.:  25-cv-1375-AGS-MSB |
| 4                          Petitioner, | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2)** |
| 5  v. | |
| 6  WARDEN, et al., | |
| 7                          Respondents. | |

8

9     Petitioner Omar Jose Rincon Bohorquez was detained by Immigration and Customs

10   Enforcement in this district before being "transfer[r]ed to El Salvador on March 15, 2025."

11   (ECF 1, at 2–3.) The petitioner now seeks habeas and other relief, and moves to proceed

12   without paying the filing fee. (*See* ECF 2, 3); 28 U.S.C. § 2441.

13       Typically, parties petitioning for a writ of habeas corpus must prepay a $5 filing fee.

14   28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, the "action may

15   proceed despite failure to pay the filing fees." *Rodriguez v. Cook*, 169 F.3d 1176, 1177

16   (9th Cir. 1999); Rules Governing § 2254 Cases, Rule 3(a) (stating petition "must be

17   accompanied by" "the applicable filing fee" or "a motion for leave to proceed in forma

18   pauperis").[1]

19       Rincon Bohorquez "does not own any assets," "does not have any cash or money

20   held in bank accounts," and is supported by family. (ECF 2, 3.) Based on these facts, the

21   Court finds that the petitioner has sufficiently shown an inability to pay the initial fee. *See*

22   *Blount v. Saul*, No. 21-cv-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021)

23   ("It is well-settled that a party need not be completely destitute to proceed IFP.").

24

25   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

26

27

28

[1] The Rules Governing § 2254 Cases may also apply to "a habeas corpus petition not covered by" the rules, such as this § 2241 petition. *See* Rules Governing § 2254 Cases, Rule 1(b).

1    At this stage, the Court "must dismiss the petition" if "it plainly appears . . . that the
2  petitioner is not entitled to relief." Rules Governing § 2254 Cases, Rule 4. It appears from
3  the face of the petition that Rincon Bohorquez may be entitled to habeas relief. *See Trump*
4  *v. J. G. G.*, 145 S. Ct. 1003, 1005 (2025) ("Regardless of whether the detainees formally
5  request release from confinement, because their claims for relief necessarily imply the
6  invalidity of their confinement and removal under the [Alien Enemies Act], their claims
7  fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas."
8  (cleaned up)). While the Court's authority to hear or provide relief in this case is unclear,
9  the Court declines to dismiss the petition at this early stage without further briefing from
10  the parties.

11    By **July 2, 2025**, respondents must respond to the petition. Rincon Bohorquez's
12  reply is due **July 23, 2025**. In addition to the other allegations in the petition, the parties
13  must address this Court's jurisdiction to hear this case in their briefing.

14  Dated:  June 4, 2025

15

16  _____
   Hon. Andrew G. Schopler
   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

25-cv-1375-AGS-MSB